UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEATHER C.,

                Plaintiff,

v.                                          5:24-cv-00663 (AMN/MJK)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAW OFFICES OF STEVEN R. DOLSON**<br>6320 Fly Road – Suite 201<br>East Syracuse, New York 13057<br>*Attorneys for Plaintiff* | **STEVEN R. DOLSON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of the General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>*Attorneys for Defendant* | **VERNON NORWOOD, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On May 15, 2024, Plaintiff Heather C.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who, on June 18, 2025, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 10, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 11 ("Report-Recommendation"). Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 20.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Katz concluded that remand was warranted because the decision by the administrative law judge ("ALJ") "improperly substituted the consultative examiners' opinion regarding Plaintiff's postural limitations with her own." Dkt. No. 11 at 8. Specifically, Magistrate Judge Katz noted that the ALJ rejected the findings of three consultative examiners, all of whom found that Plaintiff had postural limitations, came to her own conclusion, and failed to explain why her outcome was different. *Id*. at 8-9. Indeed, the Report-Recommendation found that the ALJ contradictorily relied on the opinions of the consultative examiners to determine that Plaintiff could perform sedentary work while simultaneously rejecting the same opinions for the purpose of assessing postural limitations. *Id.* at 12. Additionally, the Report-Recommendation found that, to reach a finding of no postural limitations, the ALJ ignored evidence suggesting Plaintiff needs assistance when engaging in certain acts of daily living. *Id.* at 13-14. At base, Magistrate Judge Katz determined that the ALJ's "rejection of all [relevant] medical opinions" regarding Plaintiff's postural limitations, and the "substitution of [her] own" was impermissible and warranted remand. *Id.* at 14-15 (quoting *Soropoulos v. Comm'r of Soc. Sec.*, No. 22-CV-8688 (RWL), 2023 WL 8448211, at *9 (S.D.N.Y. Dec. 6, 2023)). Finally, Magistrate Judge Katz noted that the error was not harmless because Plaintiff's postural limitations "could impact her ability to perform sedentary work." *Id.* at 19.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 11, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 11; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 22, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge